IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHERIE FERGUSON**                                                                                              **PLAINTIFF**

v.                                                               CIVIL ACTION NO. 1:22-cv-310-TBM-RPM

**LOUIS DeJOY,** *Postmaster General*                                                         **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Cherie Ferguson brought this suit under Title VII of the Civil Rights Act of 1964. Ferguson alleges that her employer, the United States Postal Service, discriminated against her based on her race and in retaliation for her prior complaints to the Equal Employment Opportunity Commission. She also alleges that her employer has subjected her to harassment, bullying, and unwarranted allegations of racial prejudice.

Following discovery, Defendant Louis DeJoy, Postmaster General of the United States, filed the instant Motion [31] for Summary Judgment. He argues that Ferguson has failed to exhaust her administrative remedies for some of her claims and that she has failed to present sufficient evidence to support any of her claims. In response, Ferguson addresses only three of her claims for Title VII retaliation, arguing that she has exhausted her administrative remedies for those claims and presented sufficient evidence for those claims to survive summary judgment. Given Ferguson's abandonment of all claims except three of her retaliation claims, the Court limits its review to those three claims, finding that Ferguson has not put forth evidence sufficient to show (1) a prima facie case of retaliation or (2) that the Postal Service's legitimate non-retaliatory reason for taking the alleged action against her was pretextual. Accordingly, DeJoy's Motion [31] for Summary Judgment is granted.

# I. FACTUAL AND PROCEDURAL HISTORY

Cherie Ferguson, a white female, worked at the United States Postal Service for approximately thirty-three years. [13], p. 2. During her time with the Postal Service, she held various positions. At the time of her retirement in 2021, Ferguson was a Postmaster in the Ocean Springs and Vancleave, Mississippi District, with a seniority level of EAS-22. [34], p. 2. In that capacity, Ferguson directly supervised four management level employees in two offices and was responsible for over one-hundred employees. [31-1], p. 9. Ferguson reported to the Manager of Post Office Operations ("MPOO") EAS-23, Dana Amos and Shane Hodges.[1] [31-1], p. 7.

Throughout her employment, Ferguson filed three Equal Employment Opportunity ("EEO") complaints against the Postal Service. In 2012, Ferguson filed an EEO complaint alleging discrimination based on race. [13], p. 2. Ferguson ultimately decided not to pursue the complaint, but she alleges that this prior activity, along with ongoing racial bias and a subsequent EEO complaint she made in December 2018,[2] led to additional racial discrimination and retaliation. *Id.*; [31-1], p. 8.

On August 26, 2020, Ferguson filed her most recent EEO complaint, alleging that the Postal Service discriminated against her based on her race and in retaliation for her prior EEO complaints. [13-1], p. 1. More specifically, she alleged that:

> (1) In March 2020, her application to be a member of the Diversity Committee was ignored;
>
> (2) On or around April 1, 2020, management denied her request to be detailed to the position of Labor Relations Manager, EAS-22;

---

[1] Shane Hodges filled in as MPOO while Dana Amos was on a temporary detail to another position.

[2] Ferguson previously filed a lawsuit in this Court for claims arising out of separate EEO complaints against the Postal Service in 2018. *See Ferguson v. DeJoy*, No. 1:20-cv-110-HSO-RHWR (S.D. Miss. Mar. 23, 2020).

(3) On or around April 27, 2020, she learned that the position of Manager of Post Office Operations Administrative Coordinator, EAS-18, she had applied for had been awarded to another person; and

(4) On or around April 27, 2020, she requested a detail to the position of Manager of Post Office Operations South, EAS-23, but never received a response.

*Id.* at pp. 1-2. Following a hearing, the Administrative Judge assigned to the case granted summary judgment for the Postal Service, finding that "Ferguson was not subjected to discrimination or reprisal as alleged." *Id.* at p. 2.

Ferguson then filed suit in this Court. In her Amended Complaint, Ferguson alleges that she applied for numerous jobs, which were "all in the hands of [. . .] African American women." [13], p. 3. Specifically Ferguson alleges that:

(1) she was denied the permanent position of Manager of Post Office Operations Administrative Coordinator, EAS-18, because of her race and in retaliation for her prior EEO complaints;

(2) she was denied the permanent and detail position—filling the position on a temporary basis—for Manager of Post Office Operations South, EAS-23, because of her race and in retaliation for her prior EEO complaints;

(3) she was denied the permanent and detail position for Labor Relations Manager, EAS-22, because of her race and in retaliation for her prior EEO complaints;

(4) she was denied membership on the Diversity Committee because of her race and in retaliation for her prior EEO complaints;

(5) she was denied the detail position for Manager of Operations, EAS-24, because of her race and in retaliation for her prior EEO complaints;

(6) her selection of a Supervisor Customer Service position was unnecessarily and unreasonably delayed because of her race and in retaliation for her prior EEO complaints; and

(7) she was subject to harassment, bullying, and unwarranted allegations of racial prejudice.

[13], pp. 3-4. According to Ferguson, these denials and issues took place after she filed her December 2018 EEO complaint and the Postal Service continued to promote African American women with fewer qualifications than her during this same time. *Id.*

Following discovery, Defendant Louis DeJoy filed the instant Motion [31] for Summary Judgment arguing that Ferguson failed to exhaust her administrative remedies for some of her claims and that, regardless, she has not provided sufficient evidence to support any of her claims. *Id.* at pp. 14-15. In her Response [34], Ferguson addresses only her retaliation claims related to the Postal Service's denials of (1) her request to detail into the EAS-22 position of Labor Relations Manager; (2) her request to detail into the EAS-23 position of Manager of Post Office Operations South; and (3) her application to permanently fill the EAS-18 position of Manager of Post Office Operations Administrative Coordinator, all of which were properly exhausted.

In his Reply Brief [35], DeJoy argues that Ferguson has abandoned all of her claims that she did not address in her Response. [35], pp. 1-3. He therefore contends that Ferguson's only remaining claims are the three aforementioned retaliation claims. *Id.* at p. 3. And, for each of those three claims, DeJoy argues, Ferguson still has not put forth sufficient evidence to survive a summary judgment motion. *Id.*

## II. STANDARD OF REVIEW

Summary judgment is warranted when the evidence reveals no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324.³ "When ruling on a motion for summary judgment, 'the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the [nonmoving party].'" *Ragas*, 136 F.3d at 458 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).

## III. DISCUSSION AND ANALYSIS

The Amended Complaint asserts that Ferguson was subject to racial discrimination, retaliation, and harassment. [13], pps. 1-3. DeJoy's Motion [31] seeks summary judgment on all claims, but in her Response [34] in opposition to DeJoy's Motion, Ferguson wholly fails to address her claims for race discrimination and harassment and instead addresses only three of her six retaliation claims: (1) the alleged denial of the detail position for EAS-22 Labor Relations Manager; (2) the alleged denial of the detail position for EAS-23 Manager of Post Office Operations South; and (3) the alleged denial of the permanent position of EAS-18 Manager of Post Office Operations Administrative Coordinator. [34], pp. 2, 5, 6.

"Ample authority exists that trial courts will not rule on claims—buried in pleadings—that go unpressed before the court." *Ferguson v. DeJoy*, 1:20-cv-110-HSO, 2021 WL 6618720, at *3

---

³ *See also Johnson v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, 90 F.4th 449, 460 (5th Cir. 2024) ("[A] party opposing a properly-supported summary judgment motion 'may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial.'" (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998))).

5

(S.D. Miss. Nov. 16, 2021) (granting the Postmaster General's motion for summary judgment and dismissing Ferguson's claims for race discrimination, retaliation, and harassment with prejudice) (quoting *Vaughn v. Mobil Oil Expl. & Producing Se., Inc.*, 891 F.2d 1195, 1198 (5th Cir. 1990) (internal quotation marks omitted)). Moreover, "[a] plaintiff abandons claims when [she] fails to address the claims or oppose a motion challenging those claims." *Terry Black's Barbeque, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022) (citing *In re Dallas Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017)).

In her Response in opposition, Ferguson does not respond to DeJoy's properly supported request for summary judgment as to her claims for race discrimination, harassment, and three of her claims for retaliation: the alleged denial of membership on the Diversity Committee; the alleged denial of the detail position for Manager of Operations, EAS-24; and that her selection of a Supervisor Customer Service position was unnecessarily and unreasonably delayed. Ferguson's "failure to defend" any of these claims "in response to [DeJoy's] motion seeking their dismissal is sufficient for [the Court] to conclude the claims were abandoned." *Id.* Accordingly, DeJoy's Motion for Summary Judgment is granted on these grounds and Ferguson's claims for race discrimination, harassment, and the three retaliation claims identified above are dismissed.

Ferguson's three remaining claims allege retaliation under Title VII. *See* 42 U.S.C. § 2000e-3(a). "When a plaintiff asserts retaliation related to her employment but provides only circumstantial evidence to support her claims, we invoke the burden-shifting analysis from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)." *Cooper v. Dallas Police Ass'n*, 278 F. App'x 318, 320 (5th Cir. 2008). Under the *McDonnell Douglas* framework, the plaintiff must first "establish[] a prima facie case for unlawful retaliation by proving

6

(1) that she engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action." *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996) (citing *McMillan v. Rust Coll., Inc.*, 710 F.2d 1112, 1116 (5th Cir. 1983)). "If the plaintiff establishes a prima facie case, then the employer has the burden of production to provide 'a legitimate, non-discriminatory reason' for the adverse employment action." *Brown v. Wal-Mart Stores East, L.P.*, 969 F.3d 571, 577 (5th Cir. 2020) (quoting *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004)). "If the employer asserts a nonretaliatory explanation, the plaintiff's prima facie case disappears, and the plaintiff must show that the given reason is merely a pretext for retaliation." *Cooper v. Dallas Police Ass'n*, 278 F. App'x 318, 320 (5th Cir. 2008) (citing *McDonnell Douglas*, 411 U.S. at 804). "In order to demonstrate pretext sufficient to defeat a motion for summary judgment, an employee must produce evidence that could lead a reasonable fact-finder to conclude that the adverse [employment] action would not have occurred 'but for' the employee's decision to engage in an activity protected by Title VII." *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 427 (5th Cir. 2017) (citations and internal quotations omitted).

"In deciding whether summary judgment is warranted, the court should consider 'numerous factors, including the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered.'" *Id.* (quoting *Price v. Fed. Exp. Corp.*, 283 F.3d 715, 720 (5th Cir. 2002)). It is undisputed that Ferguson engaged in activity protected by Title VII. Accordingly, the Court addresses only the second and third prongs of the *McDonell Douglas* test. The Court will address each of Ferguson's remaining retaliation claims in turn.

**A. Denial of the detail position for EAS-22 Labor Relations Manager**

On March 27, 2020, Ferguson emailed Faye Jackson,[4] the Human Resources Manager for the Mississippi District of the Postal Service, requesting the opportunity to detail into the position of EAS-22 Labor Relations Manager. [31-7], pp. 2-3. On March 30, 2020, Jackson replied to Ferguson and informed her that the Labor Relations Manager position "is not vacant at this time." *Id.* at p. 2. Jackson further informed Ferguson that when the position did become available, there would be a posting on the eCareer website. *Id.*

In an email on April 1, 2020, Ferguson restated her interest in detailing into the Labor Relations Manager position and also stated that she was interested in detailing into a number of other positions, including the EAS-23 Manager of Post Office Operations South position and an EAS-24 Manager of Human Resources position. *Id.* at pp. 1-2. This email was addressed to Elizabeth Johnson, the Manager of the Mississippi District of the Postal Service, but Ferguson also cc'd Miranda Jackson and Ferguson's direct supervisors, Dana Amos, and Shane Hodges. *Id.* Jackson responded that same day and informed Ferguson about what the Manager of Human Resources position entailed. *Id.* at p. 1. Jackson also informed Ferguson that she could shadow Jackson with her supervisor's approval. *Id.* at p. 1.

**1. Adverse Employment Action**

Ferguson argues that Jackson's emails constitute an adverse employment action as a result of her prior EEO complaints. In an attempt to support her claim, Ferguson relies on her deposition

---

[4] The email was addressed to Jackson, but Ferguson also cc'd Elizabeth Johnson, the Manager of the Mississippi District of the Postal Service and Dana Amos, Ferguson's direct supervisor.

testimony and her completed EEO Investigative Affidavit;[5] a page from the EEO Report of Investigation addressing Ferguson's request to detail into the EAS-22 Labor Relations Manager position; and EEO Investigative Affidavits from several of her superiors at the Postal Service.[6]

To establish an adverse employment action, Ferguson "must show that a reasonable employee would have found the challenged action *materially adverse*, 'which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006); *Johnson*, 90 F.4th at 461.[7] Ferguson has not met her burden under this step. In fact, Ferguson admits in her deposition that she was told the EAS-22 Labor Relations Manager position was not vacant when she "requested to be detailed into it." [34-4], p. 1. And the Fifth Circuit has held that "[a]n employer does not . . . retaliate illegally if it has no job opening." *Adams v. Groesbeck Indep. Sch. Dist.*, 475 F.3d 688, 691 (5th Cir. 2007) (citations omitted).

Further still, instead of denying Ferguson's request for the position, the record reflects that Ferguson was informed that when the position became available in the future, she could apply on the eCareer website. From this evidence, viewed in the light most favorable to Ferguson, no reasonable employee would have found Jackson's emails to be "materially adverse." *Burlington N.*

---

[5] In her deposition, Ferguson testified at length about conduct pertaining to her 2018 EEO Complaint which is not at issue in this lawsuit. Rather, this testimony pertains to her previously filed lawsuit, *Ferguson v. DeJoy*, No. 1:20-cv-110-HSO-RHWR (S.D. Miss. Mar. 23, 2020) (granting the Postmaster General's motion for summary judgment and dismissing Ferguson's claims for race discrimination, retaliation, and harassment with prejudice).

[6] These superiors include Elizabeth Johnson, the Manager of the Mississippi District of the USPS; Dana Amos, Ferguson's direct supervisor; and Shane Hodges, an employee who would occasionally fill in as Ferguson's supervisor. Ferguson also attached a blank EEO Investigative Affidavit that she alleges was sent to Faye Jackson but was not returned. [34-6].

[7] *See also Welsh v. Fort Bend Indep. Sch. Dist.*, 941 F.3d 818, 826 (5th Cir. 2019), *abrogated by Hamilton v. Dallas Cnty.*, 79 F.4th 494 (5th Cir. 2023) (explaining that the United States Supreme Court's standard in *Burlington* is the proper standard for a "retaliatory adverse employment action" under Title VII), *abrogated on other grounds by Hamilton v. Dallas Cnty.*, 79 F.4th 494, 498 (5th Cir. 2023) (en banc).

*& Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006). On the contrary, the emails reveal that Ferguson was encouraged to pursue the position when it became available and that Jackson would help Ferguson realize her career goals.

Accordingly, Ferguson has not shown that she suffered an adverse employment action concerning the Labor Relations Manager position. Although the Court could end its analysis here, for clarity and completeness of the record, the remainder of Ferguson's arguments will be considered.

### 2. Causal Link

"A 'causal link' is established when the evidence demonstrates that 'the employer's decision […] was based in part on knowledge of the employee's protected activity.'" *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 684 (5th Cir. 2001) (quoting *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir. 1998)). Evidence of "very close" temporal proximity between the employer's knowledge of the protected activity and the alleged adverse employment action has been deemed sufficient to establish a causal link. *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74, 121 S. Ct. 1508, 149 L. Ed. 2d 509 (2001) (internal quotation marks omitted) (quoting *O'Neal v. Ferguson Const. Co.*, 237 F.3d 1248, 1253 (10th Cir. 2001)).

Ferguson argues that "Ms. Jackson was aware of [her] prior protected EEO activity" and that there is a causal link between her EEO complaints and Jackson's emails. [34], p. 5. Although the record reflects that Jackson had knowledge of Ferguson's prior EEO complaints when she emailed Ferguson on March 30, 2020, such knowledge, on its own, is insufficient to establish a causal link. *Barkley v. Singing River Elec. Power Ass'n*, 433 F. App'x 254, 260 (5th Cir. 2011) (finding

10

that a decisionmaker's knowledge of the protected activity is not enough to establish a causal link).[8] Instead, what has been deemed sufficient is knowledge of the protected activity in "very close" temporal proximity to the alleged adverse employment action. *Breeden*, 532 U.S. at 268 (internal quotation marks omitted) (quoting *O'Neal*, 237 F.3d at 1253). Here, Ferguson filed her prior EEO complaint in December 2018, and Jackson emailed Ferguson about the Labor Relations Manager position on March 30 and April 1 of 2020. This gap in time of over 15 months is far greater than courts in this circuit have deemed close enough to establish a causal link. *See Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 305 (5th Cir. 2020) (finding that "a five month lapse is not close enough, without other evidence of retaliation, to establish the 'causal connection' element of a prima facie case of retaliation.").[9] As a result, Ferguson has not shown a causal link between her prior EEO complaints and Jackson's emails.

3. **Conclusion**

Ultimately, Ferguson fails to establish a prima facie case for unlawful retaliation regarding her request to detail into the EAS-22 Manager of Labor Relations position. Because Ferguson has not shown that she suffered an adverse employment action or that her prior EEO complaints were causally linked to her not receiving the position, DeJoy's Motion for Summary Judgment on this claim is granted.

---

[8] *See also Knights v. Bank United of Texas Fed. Sav. Bank*, 192 F.3d 127 (5th Cir. 1999) ("Mere knowledge of possible protected activity is not enough to raise a fact issue on the necessary causal link for a retaliation claim."); *Houston v. EBI Companies*, 53 F.3d 1281 (5th Cir. 1995) ("An employer's knowledge of a plaintiff's participation in a protected activity, without more, is insufficient to show a causal connection between the plaintiff's participation in the activity and the adverse employment action.").

[9] *See also Feist v. Louisiana, Dep't of Just., Off. of the Att'y Gen.*, 730 F.3d 450, 454 (5th Cir. 2013) ("This Court has found, for example, that 'a time lapse of up to four months' may be sufficiently close, *Evans v. City of Houston*, 246 F.3d 344, 354 (5th Cir. 2001), while a five month lapse is not close enough without other evidence of retaliation, *Raggs v. Mississippi Power & Light Co.*, 278 F.3d 463, 472 (5th Cir. 2002).").

**B. Denial of detail position for EAS-23 Manager of Post Office Operations South**[10]

As discussed above, Ferguson emailed Elizabeth Johnson, the Manager of the Mississippi District of the Postal Service, on April 1, 2020, asking to detail into several positions, including the EAS-23 Manager of Post Office Operations South position. [31-7], pp. 1-2. Because Johnson never responded to her request, Ferguson argues this constitutes a denial of her request which was done in retaliation for her prior EEO complaints.

Under the proper standard for Title VII retaliation—whether reasonable employees would have been dissuaded from protected activity—the parties dispute whether Ferguson has established a prima facie case. The Court "need not decide this issue." *Johnson*, 90 F.4th at 461 (assuming without deciding that plaintiff established a prima facie case of retaliation). Even if the Court assumes Ferguson meets her burden in establishing that prima facie case, although it is clear that she has not,[11] it is also clear that she fails under the third step of the *McDonnell Douglas* burden-shifting framework: the Postal Service provided a legitimate, non-retaliatory reason for taking the alleged action and Ferguson advances no evidence of pretext to create a genuine dispute on the issue.

---

[10] It appears from Ferguson's Response [34] that she has confused the instant detail request to EAS-23 Manager of Post Office Operations South with prior requests made in 2017 and 2018 which are not at issue here, but instead were the subject of the previous lawsuit, *Ferguson v. DeJoy*, No. 1:20-cv-110-HSO-RHWR (S.D. Miss. Mar. 23, 2020) (finding that Ferguson abandoned her retaliation claims and dismissing them with prejudice).

[11] The record reflects that the EAS-23 Manager of Post Office Operations South position was occupied when Ferguson requested to be detailed into it. [31-5], pp. 3-4. And the Fifth Circuit has held that "[a]n employer does not . . . retaliate illegally if it has no job opening." *Adams*, 475 F.3d at 691 (citations omitted). Accordingly, Ferguson fails to allege that she suffered an adverse employment action concerning the Manager of Post Office Operations South position. And even if the Court assumes that Johnson's failure to respond constituted a denial and an adverse employment action, Ferguson again has not shown that the alleged action is causally linked to her protected activity of making EEO complaints.

The Court will first discuss the Postal Service's legitimate non-retaliatory reason for not allowing Ferguson to detail into the EAS-23 Manager of Post Office Operations South position and will then address Ferguson's failure to provide evidence of pretext.

1. **The Postal Service's legitimate non-retaliatory reason**

At this point in the *McDonnell Douglas* burden-shifting framework, the Postal Service must produce legitimate, non-retaliatory reasons for not allowing Ferguson to detail into the EAS-23 Manager of Post Office Operations South position. *Watkins v. Tregre*, 997 F.3d 275, 284 (5th Cir. 2021). Here, the Postal Service asserts that the EAS-23 Manager of Post Office Operations South position was unavailable when Ferguson made the request to be detailed into it. [31-5], pp. 3-4. And regardless, Johnson explained that:

> The timing of Ms. Ferguson's request for consideration coincided with the emergence of the COVID-19 pandemic. There were new challenges, changes, and massive and demanding initiatives . . . the timing was not right for me to develop anyone for any one of the critical jobs she expressed interest in. In fact, because of that very reason, I terminated the detail of a Caucasian employee who had been detailed briefly to Manager, Operations Support, because I needed someone more experienced in the position.

[31-5], pp. 3-4. Johnson also explained that Ferguson did not "identify how her skills and abilities would make her an ideal candidate for either position, all of which are complex jobs and the highest level of leadership positions in the district." *Id*. Because "[s]he had not distinguished herself in any way that [Johnson] was aware of that would make her the most qualified candidate for any of these positions," Johnson explained that Ferguson therefore did not "come automatically to mind as a successor for these positions." *Id*.

Because the Postal Service's burden of production at the second step of the *McDonnell Douglas* framework is one of production rather than persuasion and "involves no credibility

13

assessment," the Court finds the proffered reasons meet this low standard. *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007) (abrogated on other grounds); *Watkins*, 997 F.3d at 284.

### 2. Pretext

Because the Postal Service provides legitimate non-retaliatory reasons for the alleged action, "the burden then ultimately falls to the employee to establish that the employer's stated reason is actually a pretext for unlawful retaliation." *Gorman v. Verizon Wireless Tex., L.L.C.*, *Gorman v. Verizon Wireless Texas, L.L.C.*, 753 F.3d 165, 171 (5th Cir. 2014), 171 (5th Cir. 2023) (citation omitted). In other words, at the pretext stage, "the plaintiff must rebut each nondiscriminatory or nonretaliatory reason articulated by the employer." *McCoy*, 492 F.3d at 557 (citing *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)), *abrogated on other grounds by Hamilton*, 79 F.4th at 498. "Pretext can be proven by any evidence that casts doubt on the credence of the employer's proffered justification for the adverse employment action." *Brown*, 696 F.3d at 579. Accordingly, the Court must now determine whether Ferguson "can prove her claim according to traditional principles of 'but for' causation" to meet her burden under this prong. *Saketkoo v. Administrators of Tulane Educ. Fund*, 31 F.4th 990, 1002 (5th Cir. 2022) (citation omitted).

As evidence of causation, Ferguson first points to Johnson's statement in her affidavit that she was aware Ferguson had named her in a prior EEO complaint. [34-2], p. 1. Second, Ferguson alleges that an employee who had not made EEO complaints against Johnson was awarded the detail position. The Court will address each argument in turn.

14

### i. Knowledge of protected activity

Knowledge of an employee's protected activity, on its own, is not sufficient to establish a causal link. *Barkley*, 433 F. App'x at 260. Instead, it is knowledge obtained in "very close" temporal proximity to the alleged adverse employment action that has been deemed sufficient to establish a causal link. *Breeden*, 532 U.S. at 268 (internal quotation marks omitted) (quoting *O'Neal*, 237 F.3d at 1253). But as with the claim regarding the Labor Relations position, there is not a close temporal proximity between Ferguson's December 2018 EEO complaint and the alleged adverse employment action in April 2020. Regardless, at the pretext stage, even temporal proximity between the employer's knowledge of the protected activity and the alleged adverse employment action is not enough to survive summary judgment. *Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007). In fact, the Fifth Circuit "affirmatively reject[s] the notion that temporal proximity standing alone can be sufficient proof of but for causation." *Id*. Accordingly, Ferguson fails to show pretext based on temporal proximity alone.

### ii. Comparator

To support causation at the pretext stage, Ferguson also tries to provide a potential comparator. She alleges, in her Response [34] to the Motion for Summary Judgment, that rather than giving the detail to Ferguson, Johnson awarded the detail to Tina Foster, an employee with no prior EEO activity against Johnson. As discussed below, Ferguson fails to show pretext based on this alleged comparator.

"[A] plaintiff who proffers the treatment of a fellow employee must show that [the adverse employment action] was taken under nearly identical circumstances as those faced by the comparator." *Brown*, 969 F.3d at 580 (internal quotation marks omitted) (quoting *Garcia v. Pro.*

*Cont. Servs., Inc.*, 938 F.3d 236, 244 (5th Cir. 2019)). "Employees are similarly situated when they h[o]ld the same job responsibilities, share[ ] the same supervisor or ha[ve] their employment status determined by the same person, and have essentially comparable violation histories." *Brown*, 969 F.3d at 580 (alterations in original) (internal quotation marks omitted) (quoting *Garcia*, 938 F.3d at 244).

But the circumstances of Ferguson's case and those of her potential comparator are not particularly close at all. First, Foster was not awarded the detail over Ferguson in 2020 as Ferguson alleges. [34], pp. 3-5. Instead, Foster was awarded the EAS-23 Manager of Post Office Operations detail position in 2017,[12] a fact which Ferguson testified to in her deposition. [34-1], pp. 5-6. Ferguson testified that "[i]n 2017," her manager Greg Penson, who was the EAS-23 Manager of Post Office Operations at the time, "said he was leaving" and "encouraged [her] to apply to detail into [his position] when he left." *Id.* at p. 5. Ferguson testified she "wanted to be in it to learn it more . . . and was denied." *Id.* According to Ferguson, although she was denied the detail into the EAS-23 Manager of Post Office Operations South position, "they allowed Tina Foster . . . And Ms. Johnson gave [Foster] the detail against postal policy." *Id.*

The difference between hiring Foster in 2017 and hiring her in 2020 is crucial for establishing causation in Ferguson's case. At the pretext stage, it is Ferguson's burden to rebut the Postal Service's proffered, non-retaliatory reasons for taking the alleged adverse employment action. *McCoy*, 492 F.3d at 557 (citing *Laxton*, 333 F.3d at 578). Those reasons were (1) that the detail position was unavailable when Ferguson asked about it; (2) that because of the COVID-19

---

[12] Again, it appears that Ferguson has confused and conflated the claims raised in her prior lawsuit with those at issue here. *See Ferguson v. DeJoy*, No. 1:20-cv-110-HSO-RHWR (S.D. Miss. Mar. 23, 2020) (finding that the "2017 detail position was filled by Tina Foster, but not because of race. As Ferguson herself testified in her deposition, Foster was already an MPOO at that time.").

16

pandemic, Johnson chose not to develop anyone for that position; and (3) that Ferguson did not "identify how her skills and abilities would make her an ideal candidate for either position." [31-5], pp. 3-4. The fact that Johnson allowed Foster to detail into the Manager of Post Office Operations position in 2017, a time when the position was open and there was not a global pandemic, does not rebut these proffered reasons.

Second, as Ferguson testified in her deposition, Foster was already a Manager of Post Office Operations in North Mississippi when she was awarded the detail position for Manager of Post Office Operations in South Mississippi in 2017. [34-1], pp. 2-3. Ferguson, meanwhile, held a different position—Postmaster—when she inquired in 2020 about detailing into the Manager of Post Office Operations position. As a result, Foster and Ferguson did not hold similar positions or "h[o]ld the same job responsibilities" when each of them asked to detail into the position. *Brown*, 969 F.3d at 580 (alterations in original) (internal quotation marks omitted) (quoting *Garcia*, 938 F.3d at 244). Therefore, Foster is not a proper comparator for establishing a causal link or but for causation between Ferguson's protected activity and the alleged adverse employment action.

Because Ferguson has not offered sufficient evidence to show that her prior EEO complaints were either causally linked to or the but for cause of her not receiving the detail position of EAS-23 Manager of Post Office Operations, DeJoy's Motion for Summary Judgment on this claim is granted.

**C. Denial of the permanent position of EAS-18 Manager of Post Office Operations Administrative Coordinator**

In April 2020, Ferguson applied for and was denied the permanent position of EAS-18 Administrative Coordinator. [13-1], pp. 1-2. This denial, Ferguson argues, was done in retaliation for her prior EEO complaints. In his Motion for Summary Judgment, DeJoy argues that Ferguson

17

has not shown "that retaliation played a role in the non-selection of Ferguson for this administrative position." [35], p. 7.

The parties do not address whether Ferguson has established a prima facie case of retaliation as to this claim and the Court "need not decide this issue." *Johnson*, 90 F.4th at 461 (assuming without deciding that plaintiff established a prima facie case of retaliation). Indeed, even if the Court assumes Ferguson meets her burden in establishing that prima facie case, her case still fails at the pretext stage.

The Postal Service submits that Ferguson was not selected for the EAS-18 Manager of Post Office Operations Administrative Coordinator because Ferguson was an EAS-22 Postmaster, and it would have made little sense to put her into a lower-level, EAS-18, role. In fact, one of the supervisors stated that "[i]t would hurt Ocean Springs[ ] to take Ferguson out" of the postmaster position. And another explained that the Post Office viewed this administrative detail as an opportunity for lower level employees to gain experience—not as a means for higher level employees to retain their salary but offload most of the responsibility that accompanies their normal level or title. Having offered a legitimate non-retaliatory reason for not selecting Ferguson, the burden now shifts back to Ferguson to show the reasons were pretextual. *Saketkoo*, 31 F.4th at 1000.

At the pretext stage, Ferguson must show "a conflict in substantial evidence on the question of whether the employer would not have taken the adverse employment action *but for* the protected activity." *Brown*, 969 F.3d at 577 (emphasis added) (internal quotation marks omitted) (quoting *Musser v. Paul Quinn Coll.*, 944 F.3d 557, 561 (5th Cir. 2019)). In other words, Ferguson must rebut the Postal Service's legitimate non-retaliatory reasons for denying her the position and

show that but for her making EEO complaints, she would not have been denied the position. *Brown*, 969 F.3d at 577. Ferguson fails to do so. Instead, she incorrectly argues that the Postal Service cannot provide "any reason for the plaintiff's denial of the position." [34], pg. 7.

Because Ferguson does not rebut any of the Postal Service's proffered reasons for not selecting her for the EAS-18 Manager of Post Office Operations Administrative Coordinator position, or offer any evidence that her protected activity was the real reason she was not hired, Ferguson fails to show that her prior EEO complaints were either causally linked to or a but for cause of her non-selection. Because Ferguson fails to meet her burden at the pretext stage, DeJoy's Motion for Summary Judgment on this claim is granted.

## IV. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant Louis DeJoy's Motion [31] for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED AND ADJUDGED that Defendant Louis DeJoy's Motion in Limine [36] is MOOT.

IT IS FURTHER ORDERED AND ADJUDGED that this CASE is CLOSED.

This the 31st day of July, 2024.

TAYLOR B. McNEEL<br>
UNITED STATES DISTRICT JUDGE